**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110965

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lynne Callace, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lynne Callace, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Portfolio Recovery Associates, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Lynne Callace is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Portfolio Recovery Associates, LLC, is a Texas Limited Liability Company with a principal place of business in Tarrant County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13. The debt was incurred on a credit card issued by Synchrony Bank.

14. At all relevant times herein, Plaintiff's debt accrued, and was subject to, interest.

15. At all relevant times herein, Plaintiff's debt accrued, and was subject to, late fees.

16. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated May 12, 2016. (**"Exhibit 1."**)

18. The letter was the initial communication Plaintiff received from Defendant.

19. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

20. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22. Plaintiff has the right to receive the required 15 U.S.C. § 1692g(3) disclosure.

23. Plaintiff has the right to receive the required 15 U.S.C. § 1692g(3) disclosure free of any ambiguity.

24. Plaintiff has the right to receive the required 15 U.S.C. § 1692g(3) disclosure without such being overshadowed or contradicted by other language in the letter.

25. It is a violation of the FDCPA to include language in the letter that, when viewed from the perspective of the least sophisticated consumer, leads the consumer to believe that the consumer's dispute must be in writing.

26. The letter provides the required § 1692g(a)(3) statement.

27. Directly above the required § 1692g(a)(3) statement, the letter states, "All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541.

28. The bottom of the letter states, in bold font and all capital letters, "**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION."** (Emphasis in original).

29. The reverse side of the letter states, again in bold font and all capital letters, "**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com." (Emphasis in original).

30. When read all together, and taking into account the various type-face and emphasis supplied in the letter, the language of the letter could lead the least sophisticated consumer to believe that in order to dispute the debt, the consumer is required to submit a written dispute to the "**DISPUTES CORRESPONDENCE ADDRESS,"** which would run afoul of the FDCPA.

31. Conversely, the letter could also lead the least sophisticated consumer to believe that the consumer may dispute the debt by submitting a written dispute to the "**DISPUTES CORRESPONDENCE ADDRESS"** or by using one of the telephone numbers (even though they are stated only for payments and quality of service complaints), which would comport with the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

32. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, would make the least sophisticated consumer uncertain and/or confused as to what action is required to dispute the debt.

33. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, overshadow Plaintiff's dispute rights afforded by § 1692g(a)(3).

34. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, contradict Plaintiff's dispute rights afforded by § 1692g(a)(3).

35. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, would make the least sophisticated consumer uncertain and/or confused as whether or not an oral communication is sufficient to dispute the debt.

36. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, would make the least sophisticated consumer uncertain and/or confused as whether or not a written communication is sufficient to dispute the debt.

37. Because the letter, for the reasons described above, would make the least sophisticated consumer uncertain and/or confused as to what is required to dispute the debt, such violates 15 U.S.C. § 1692g.

38. Defendant violated Plaintiff's right to receive the required 15 U.S.C. § 1692g(3) disclosure without such being overshadowed or contradicted by other language in the letter.

39. Collections letters are deceptive or misleading under 15 U.S.C. § 1692e when they can reasonable be read, from the perspective of the least sophisticated consumer, to have two or more meanings, one of which is inaccurate.

40. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, could lead the letter to reasonably be read, by the perspective of the least sophisticated consumer, to have two or more meanings, one of which is inaccurate.

41. When read all together, and taking into account the various type-face and emphasis supplied in the letter, together with the provision of the telephone numbers only for payments and quality of service complaints, in conjunction with the required the required § 1692g(a)(3) statement, makes the letter susceptible to alternative interpretations when viewed from the perspective of the least sophisticated consumer.

42. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, could lead the letter to be read by the least sophisticated consumer to mean,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

*incorrectly*, that a written dispute sent to the "**DISPUTES CORRESPONDENCE ADDRESS**" is necessary to dispute the debt.

43. The aforementioned statements, along with the various type-face and emphasis supplied in the letter, could lead the letter to be read by the least sophisticated consumer to mean, *correctly*, that a dispute may be made in writing by sending such to the "**DISPUTES CORRESPONDENCE ADDRESS**" or by using one of the telephone numbers.

44. Because the letter, for the reasons described above, could be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, such violates 15 U.S.C. § 1692e.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

47. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

48. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

49. The letter sets forth a "Total Now Due."

50. The letter fails to disclose whether the "Total Now Due" may increase due to additional interest.

51. The letter fails to disclose whether the "Total Now Due" may increase due to additional late fees.

52. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

53. The letter, because of the aforementioned failures, and especially because of the use of the word "Now," would render the least sophisticated consumer unable to determine the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

amount of his or her debt.

54. The letter, because of the aforementioned failures, and especially because of the use of the word "Now," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

55. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Total Now Due" at any time after receipt of the letter.

56. The least sophisticated consumer could also reasonably believe that the "Total Now Due" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

57. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

58. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

59. For these reasons, Defendant failed to clearly state the amount of the debt.

60. For these reasons, Defendant failed to unambiguously state the amount of the debt.

61. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

62. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

63. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

64. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

66. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

67. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

68. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

69. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

70. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Total Now Due" was static.

71. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Total Now Due" was dynamic due to the continued accumulation of interest and/or late fees.

72. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

73. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

74. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e and § 1692f
### False or Misleading Representations

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

76. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

77. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

78. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

79. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

80. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

81. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

82. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

83. The letter states "Non-Interest Charges/Fees or Balance Adjustments."

84. The "Non-Interest Charges/Fees or Balance Adjustments" are listed as "$0.00."

85. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

86. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

87. Although the "Non-Interest Charges/Fees or Balance Adjustments" are listed as "$0.00," the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Non-Interest Charges/Fees" added to the debt in the future.

88. The letter could reasonably be read by the least sophisticated consumer to imply that there could be "Non-Interest Charges/Fees" added to the debt in the future.

89. The letter falsely implies that Defendant has the right to add "Non-Interest Charges/Fees" to the debt.

90. Defendant has no legal basis to add "Non-Interest Charges/Fees" to the debt.

91. The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

92. The letter falsely implies that Defendant has the right to add a fee to the debt.

93. Defendant has no legal basis to add a fee to the debt.

94. Defendant's conduct, as described, violates § 1692e and § 1692f.

## CLASS ALLEGATIONS

95. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

96. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

97. Defendant regularly engages in debt collection, using the same unlawful letter described herein, in its attempts to collect delinquent consumer debts from other persons.

98. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful letter described herein.

99. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

100. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

101. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

102. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 3, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 110965

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530